UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEM D INTERNATIONAL (MICHIGAN), INC.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JJD PRODUCE, LLC, JB RESOURCES, LLC, JOEL BURNS, JORGE ALEJANDRO BELTRAN RITZ AND DIEGO BELTRAN,<br><br>　　　　　　　　　　Defendant. | Case No.: 22CV383-GPC(JLB)<br><br>**ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR TEMPORARY RESTRAINING ORDER AND ISSUING ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**<br><br>[Dkt. No. 13.] |

　　　Before the Court is Plaintiff's amended motion for temporary restraining order. (Dkt. No. 13.) Defendant Joel Burns, proceeding pro se, filed an opposition.[1] (Dkt. No.

---

[1] In his response, Joel Burns writes "Joel Burns on behalf of all Defendants." (Dkt. No. 28 at 2.) Joel Burns may only represent himself and not any other defendant in this case. The Court also notes that JJD Produce, LLC and JB Resources LLC may not proceed without counsel. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."); *see also Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1309-10 (2d Cir. 1991) (partnership not allowed to be represented by non-attorney partner); Civil Local Rule 83.3k ("all other parties, including corporations; partnerships and other legal entities may

1

28.)  A hearing was held on April 5, 2022.[2]  (Dkt. No. 30.)  Ray Mason, Plaintiff's representative, Elizabeth Ellis, Esq. and Michael J. Koesin, Esq. appeared on behalf of Plaintiff and Defendant Joel Burns appeared pro se.

## Background

On March 22, 2022, Plaintiff Jem D International (Michigan) Inc. ("Plaintiff" or "Jem D") filed a complaint against Defendants JJP Produce LLC ("JJP Produce"), JB Resources LLC ("JB Resources"), Joel Burns ("Burns"), Jorge Alejandro Beltran Ritz ("Ritz"), and Diego Beltran ("Beltran") (collectively "Defendants") for failing to maintain statutory trust, failure to make prompt payments of trust funds, unlawful dissipation of trust assets, breach of contract and failure to pay goods sold.  (Dkt. No. 1, Compl.)  The action is brought under the trust provisions of Section 5(c) of the Perishable Agricultural Commodities Act, ("PACA"), 7 U.S.C. § 499e(c).  (*Id.* ¶ 10.)

Jem D is a Canadian corporation registered to do business in Michigan and Texas and is in the business of buying and selling wholesale quantities of perishable agricultural commodities.  (Dkt. No. 13-2, Mason Decl. ¶ 4.)  It is a produce dealer subject to and licensed under PACA.  (*Id.*; *id.*, Ex. 1.)  Defendant JJD Produce is a Nevada limited liability company registered to do business in California with its principal place of business in La Jolla, CA and also in the business of buying and selling wholesale quantities of produce and is a produce dealer subject to and licensed under PACA.  (*Id.* ¶ 5; *id.*, Ex. 2.)

Between September 30, 2021 and October 28, 2021, Plaintiff sold and delivered to Defendants wholesale quantities of produce worth $65,800.00 that were shipped from

---

appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3.").  Therefore, corporate defendants must retain counsel in this case.

[2] The TRO hearing was originally scheduled on March 29, 2022.  (Dkt. No. 11.)  On the date of the hearing, Defendant Joel Burns filed a motion to reschedule the hearing date due to the short notice of the hearing and the inability to retain counsel.  (Dkt. No. 23.)  The Court granted the request and rescheduled the hearing to April 5, 2022.  (Dkt. No. 24.)

Plaintiff's facility in Pharr, Texas to Defendants' facility in La Jolla, CA. (*Id.* ¶ 6; *id.*, Ex. 4.) Defendants accepted the produce but have failed to make payment despite repeated demands. (*Id.*) Plaintiff timely preserved its interest in the PACA trust in the unpaid principal amount of $65,800.00 by issuing invoices with the required statutory language under 7 U.S.C. § 499e(c)(4). (*Id.* ¶ 8; *id.*, Ex. 4.)

Since January 2022, Plaintiff has repeatedly demanded payment of the outstanding balance and Defendants have repeatedly promised to pay the balance but have not. (*Id.* ¶ 10.) In one email dated January 28, 2022, Defendant Burns apologized for the delay and inconvenience and explained that they have been "aggressively trying to collect on payment for these invoices without success . . . and [w]e will be paying you as soon as possible and keep you posted on the exact timing." (*Id.*; *id.*, Ex. 5.) Then, on March 8, 2022, Defendant Ritz promised that he intended to make a "partial payment" of the balance due but no payment was received. (*Id.* ¶ 11; *id.*, Ex. 6.) On March 14, 2022, Ritz emailed again stating that a wire payment would be made but no payment was ever made. (*Id.*) Defendants' refusal and inability to pay demonstrate that they are failing to maintain sufficient assets in the statutory trust and have dissipated and will continue to dissipate trust assets belonging to Jem D. (*Id.* ¶ 12.)

Pursuant to the Section 5(c) of the PACA, 4 U.S.C. § 499a *et seq.*, on March 23, 2022, Plaintiff moved for a temporary restraining order seeking enforcement of the statutory trust and enjoining Defendants from dissipating PACA trust assets. In response, Defendant Joel Burns ("Burns") does not challenge the relief Plaintiff seeks, does not dispute the amount owed and explains that that Defendants are unable to pay the invoices due to their ability to collect about $170,000 from two customers. (Dkt. No. 28.) Burns also claims that payments from other customers are to be paid to the suppliers of those specific produce. (*Id.*) Once payments are made into JJD Produce's bank account based on an arrangement with Jorge Ritz and Joel Burns, the $65,800.00 will be paid. (*Id.*)

///
///

## Discussion

The purpose of a TRO is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). To obtain a TRO or preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in the moving party's favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief," *Winter*, 555 U.S. at 22, and the moving party bears the burden of meeting all four *Winter* prongs. *See DISH Network Corp. v. FCC*, 653 F.3d 771, 776-77 (9th Cir. 2011).

### A. Likelihood of Success on the Merits

Plaintiff argues that it has demonstrated a likelihood of success on the merits under the provisions of PACA. (Dkt. No. 13-1 at 6-7.) Defendant Burns does not dispute that PACA applies and the amounts sought and indicates his intent to pay the amounts due. (Dkt. No. 28.)

"Congress enacted PACA in 1930 to prevent unfair business practices and promote financial responsibility in the fresh fruit and produce industry." *S & H Packing & Sales Co., Inc. v. Tanimura Distrib., Inc.*, 883 F.3d 797, 802 (9th Cir. 2018) (citation omitted). "In 1984, PACA was amended to address the uncertain financial arrangements created by dealers receiving goods without payment. A statutory trust was provided by Congress under PACA on behalf of suppliers and sellers that were unpaid." *Grimmway Enters., Inc. v. PIC Fresh Global*, 548 F. Supp. 2d 840, 846 (E.D. Cal. 2008).

PACA provides for the establishment of a statutory trust "in which a produce dealer holds produce-related assets as a fiduciary until full payment is made to the produce seller or producer." *Bowlin & Son, Inc. v. San Joaquin Food Serv.*, 958 F.2d

938, 939 (9th Cir. 1992). "The trust automatically arises in favor of a produce seller upon delivery of produce and is for the benefit of all unpaid suppliers or sellers involved in the transaction until full payment of the sums owing has been received." *C & E Enters., Inc. v. Milton Poulos, Inc.*, 947 F.2d 1351, 1352 (9th Cir. 1991); 7 U.S.C. § 499e(c)(2); 7 U.S.C. § 46.46(c). "Dealers violate PACA if they do not pay promptly and in full for any perishable commodity in interstate commerce." *Grimmway Enters., Inc.,*, 548 F. Supp. 2d at 846 (citing 7 U.S.C. § 499b(4)).

The PACA Trust is a nonsegregated "floating" trust comprised of (a) "perishable agricultural commodities received in all transactions," (b) "all inventories of food and other products derived from such perishable agricultural commodities," and (c) "all receivables or proceeds from the sale of such commodities and food or products derived therefrom." 7 C.F.R. § 46.46(b); 7 U.S.C. § 499e(c)(2). PACA provides the district courts with jurisdiction "specifically to entertain (i) actions by trust beneficiaries to enforce payment from the trust, and (ii) actions by the Secretary to prevent and restrain dissipation of the trust." 7 U.S.C. § 499e(5).

Here, Plaintiff is subject to a PACA trust as a licensed produce "dealer" of agricultural commodities and has preserved its ability to enforce the benefits of PACA by providing the required statutory language on its invoices. (Dkt. No. 13-2, Mason Decl. ¶¶ 4, 8); 7 U.S.C. § 499e(c)(3). Defendants are also "dealers" subject to and licensed under PACA. (Dkt. No. 13-2, Mason Decl. ¶ 5); 7 U.S.C. §§ 499a(b)(6).[3] Between September

---

[3] "(6) The term 'dealer' means any person engaged in the business of buying or selling in wholesale or jobbing quantities, as defined by the Secretary, any perishable agricultural commodity in interstate or foreign commerce, except that (A) no producer shall be considered as a 'dealer' in respect to sales of any such commodity of his own raising; (B) no person buying any such commodity solely for sale at retail shall be considered as a 'dealer' until the invoice cost of his purchases of perishable agricultural commodities in any calendar year are in excess of $230,000; and (C) no person buying any commodity other than potatoes for canning and/or processing within the State where grown shall be considered a 'dealer' whether or not the canned or processed product is to be shipped in interstate or foreign commerce, unless such product is frozen or packed in ice, or consists of cherries in brine, within the meaning of paragraph (4) of this section. Any person not considered as a 'dealer' under clauses (A), (B),

30, 2021 and October 28, 2021, Plaintiff sold and delivered to Defendants produce in the amount of $65,800.00. (Dkt. No. 13-2, Mason Decl. ¶ 6.) When Plaintiff delivered the produce to Defendants, it became a beneficiary in a statutory trust designed to assure payment. 7 U.S.C. § 499e(c)(2). Despite repeated demands, Defendants have not paid the amounts due. (Dkt. No. 13-2, Mason Decl. ¶ 6.) Therefore, Plaintiff has demonstrated a likelihood of success on the merits for Defendants' failure to comply with the trust provisions of PACA.

**B.    Likelihood of Irreparable Harm**

Plaintiff maintains that it will be irreparably harmed because Defendants have already indicated that they do not have sufficient funds to pay Plaintiff because they are having issues collecting their receivables and this threat of dissipation of trust assets supports irreparable harm. (Dkt. No. 13-1 at 8.) Defendant Burns does not challenge this factor.

Congress recognized there is irreparable harm if PACA trust assets are dissipated because it is nearly impossible for a beneficiary to obtain recovery once there has been dissipation from the trust. H.R. Rep. No. 98–543 (1983); *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 139-140 (3d Cir. 2000) ("We also find that PACA trust dissipation in this case constitutes irreparable harm" because "once the PACA trust is dissipated, it is almost impossible for a beneficiary to obtain recovery."); *Rey Rey Produce SFO, Inc. v. Mis Amigos Meat Market, Inc.*, No C 08–1518 VRW, 2008 WL 1885738, at *2 (N.D. Cal. Apr. 24, 2008) (finding evidence of prior bounced checks and unfulfilled promises to pay established irreparable injury element for a TRO under PACA). "A showing of threatened trust dissipation amounts to a showing of a possibility of irreparable injury." *Rey Rey Produce SFO, Inc.*, 2008 WL 1885738, at *2.

---

and (C) may elect to secure a license under the provisions of section 499c of this title, and in such case and while the license is in effect such person shall be considered as a 'dealer'." 7 U.S.C. §§ 499a(b)(6).

As such, district courts have routinely held that dissipation of PACA trust assets constitutes irreparable harm. *See CP Produce, LLC v. Quality Fresh Farms, Inc.*, No. 1:18–cv–00077–DAD–EPG, 2018 WL 1980749, at *3 (E.D. Cal. Jan. 19, 2018) ("District courts in the Ninth Circuit have regularly found TROs warranted in the PACA context, and routinely conclude that the prospect of statutory trust assets being depleted constitutes irreparable injury."); *Inn Foods Inc. v. Turner Mead LLC*, No. C 07–00649, 2007 WL 484781 (N.D. Cal. Feb. 9, 2007) ("[I]t appears Plaintiff will suffer immediate and irreparable injury due to said Defendant's dissipation of Plaintiff's interest in the statutory trust created pursuant to 7 U.S.C. § 499e(c) and that such dissipation will continue in the absence of injunctive relief.").

Here, because Defendants lacked any funds to make even partial payments to Plaintiff suggests that the trust assets have been or are being dissipated. Accordingly, Plaintiff has demonstrated irreparable harm to support injunctive relief.

**C.  Balance of Equities**

Plaintiff maintains that the balance of equities weighs in its favor because it is merely asking the status quo be maintained by requiring Defendants to satisfy their fiduciary duties as trustees of the PACA trust. (Dkt. No. 13-1 at 8-9.) Defendant Burns does not oppose this factor. (Dkt. No. 28.)

Plaintiff is statutorily entitled to a trust in the proceeds of any sales from the products it shipped until the outstanding invoices are paid in full. 7 U.S.C. § 499e(c)(2). Defendant Burns has not demonstrated any hardship he will suffer by being forced to not dissipate trust assets. Accordingly, the balance of equities weighs in favor of Plaintiff.

**D.  Public Interest**

Plaintiff argues that injunctive relief is in the public interest because PACA was enacted to protect the public interest which Defendant Burns does not challenge. (Dkt. No. 13-1 at 9; Dkt. No. 28.)

Congress specifically enacted PACA recognizing that the "burden on commerce in perishable agricultural commodities" is "contrary to the public interest." 7 U.S.C. §

499e(c)(1); *Tanimura & Antle*, Inc., 222 F.3d at 135 ("In particular, Congress intended to protect small farmers and growers who were especially vulnerable to the practices of financially irresponsible commission merchants, dealers, and brokers."). Therefore, granting a TRO would serve the public interest.

**E.     Bond**

Plaintiff asks that no bond be imposed because Defendants already have $65,800.00 worth of trust assets of Plaintiff as security for the imposition of injunctive relief. (Dkt. No. 13-2 at 9.)

Federal Rule of Civil Procedure 65 provides that a court may only issue a TRO "if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Because Defendants have not disputed the $65,800.00 due and owed, and they have made no showing of any hardship, the Court concludes no bond or security is required of Plaintiff.

## Conclusion

Based on the reasoning above, the Court GRANTS Plaintiff's motion for a temporary restraining order. IT IS HEREBY:

ORDERED, that Plaintiff's Motion for Temporary Restraining Order is GRANTED; and it is further

ORDERED, that Defendants appear and show cause before this Court at Room 2D, United States District Court for the Southern District of California, 221 West Broadway, San Diego, California 92101 on **April 19, 2022 at 3:00 p.m.** why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure preliminarily enjoining the Defendants, their customers, agents, employees, officers, directors, subsidiaries, parents, related entities, assigns, banking institutions, and money transfer service institutions, during the pendency of this action, from alienating, dissipating, paying over or assigning any assets of Defendant JJD Produce, or its subsidiaries, parent, or related companies, including but not limited to JB Resources, except for payment to

Plaintiff, until further order of this Court or until Defendants pay Plaintiff the amount of $65,800.00 by bank check or wire transfer, at which time this Order is dissolved; and it is further

ORDERED, that, sufficient reason having been shown therefore, pending the hearing of Plaintiff's Motion for Preliminary Injunction, pursuant to Fed. R. Civ. P. 65, Defendants, their customers, agents, employees, officers, directors, subsidiaries, related entities, assigns, banking institutions, and money transfer service institutions, who receive actual notice of this order by personal service or otherwise, are temporarily enjoined and restrained from alienating, dissipating, paying over or assigning any assets of JJD Produce, or its subsidiaries, parent, or related companies, including but not limited to JB Resources, except for payment to Plaintiff, until further order of this Court or until defendants pay Plaintiff the amount of $65,800.00 by bank check or wire transfer, at which time this Order is dissolved; and it is further

ORDERED that in the event Defendants fail to pay Plaintiff the amount of $65,800.00 by bank check or wire transfer, then at least three (3) business days prior to the hearing on Plaintiff's Motion for Preliminary Injunction, Defendants shall file with this Court, with a copy to Plaintiff's counsel, an accounting which identifies the assets and liabilities and accounts receivable reports of JJD Produce signed under penalty of perjury; and Defendants shall also supply to Plaintiff's counsel any and all documents in their possession, custody or control related to the assets and liabilities of JJD Produce and its related, parent and subsidiary companies, including but not limited to JB Resources, such documents to include, but not be limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and bank statements with cancelled checks for the last 90 days; and it is further

ORDERED that bond shall be waived in view of defendants now holding $65,800.00 worth of Plaintiff's assets; and it is further

ORDERED that service of a copy of this order and the papers upon which it is based, together with the summons and complaint, by Federal Express or other nationally recognized overnight delivery service upon the Defendants at their business address of 7514 Girard Ave., Suite 1215, La Jolla, California 92037 on or before **April 7, 2022**, shall be deemed good and sufficient service thereof; and it is further

ORDERED that Defendants shall file an opposition to the preliminary injunction with the Court and serve to Plaintiff's counsel on or before **April 14, 2022**.

IT IS SO ORDERED.

Dated: April 5, 2022

Hon. Gonzalo P. Curiel
United States District Judge