UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEM D INTERNATIONAL (MICHIGAN), INC.,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JJD PRODUCE, LLC, JB RESOURCES, LLC, JOEL BURNS, JORGE ALEJANDRO BELTRAN RITZ AND DIEGO BELTRAN,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 22CV383-GPC(JLB)<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY INJUNCTION**<br><br>**[Dkt. No. 32.]** |

Before the Court is an order to show cause why a preliminary injunction should not issue after a temporary restraining order was issued on April 5, 2022. (Dkt. No. 31.) No opposition was filed by Defendants. A Zoom hearing was held on April 19, 2022. (Dkt. No. 43.) Ray Mason, Plaintiff's representative, Elizabeth Ellis, Esq. and Michael J. Kolesin, Esq. appeared on behalf of Plaintiff and Defendants Joel Burns, Jorge Ritz and Diego Beltran appeared pro se. (*Id*.)

**Background**

On March 22, 2022, Plaintiff Jem D International (Michigan) Inc. ("Plaintiff" or "Jem D") filed a complaint against Defendants JJP Produce LLC ("JJP Produce"), JB

1

Resources LLC ("JB Resources"), Joel Burns ("Burns"), Jorge Alejandro Beltran Ritz ("Ritz"), and Diego Beltran ("Beltran") (collectively "Defendants") for failing to maintain statutory trust, failure to make prompt payments of trust funds, unlawful dissipation of trust assets, breach of contract and failure to pay goods sold. (Dkt. No. 1, Compl.) The action is brought under the trust provisions of Section 5(c) of the Perishable Agricultural Commodities Act, ("PACA"), 7 U.S.C. § 499e(c). (*Id.* ¶ 10.)

Jem D is a Canadian corporation registered to do business in Michigan and Texas and is in the business of buying and selling wholesale quantities of perishable agricultural commodities. (Dkt. No. 13-2, Mason Decl. ¶ 4.) It is a produce dealer subject to and licensed under PACA. (*Id.*; *id.*, Ex. 1.) Defendant JJD Produce is a Nevada limited liability company registered to do business in California with its principal place of business in La Jolla, CA and also in the business of buying and selling wholesale quantities of produce and is a produce dealer subject to and licensed under PACA. (*Id.* ¶ 5; *id.*, Ex. 2.)

Between September 30, 2021 and October 28, 2021, Plaintiff sold and delivered to Defendants wholesale quantities of produce worth $65,800.00 that were shipped from Plaintiff's facility in Pharr, Texas to Defendants' facility in La Jolla, CA. (*Id.* ¶ 6; *id.*, Ex. 4.) Defendants accepted the produce but have failed to make payment despite repeated demands. (*Id.*) Plaintiff timely preserved its interest in the PACA trust in the unpaid principal amount of $65,800.00 by issuing invoices with the required statutory language under 7 U.S.C. § 499e(c)(4). (*Id.* ¶ 8; *id.*, Ex. 4.)

Since January 2022, Plaintiff has repeatedly demanded payment of the outstanding balance and Defendants have repeatedly promised to pay the balance but have not. (*Id.* ¶ 10.) In one email dated January 28, 2022, Defendant Burns apologized for the delay and inconvenience and explained that they have been "aggressively trying to collect on payment for these invoices without success . . . and [w]e will be paying you as soon as possible and keep you posted on the exact timing." (*Id.*; *id.*, Ex. 5.) Then, on March 8, 2022, Defendant Ritz promised that he intended to make a "partial payment" of the

balance due but no payment was received. (*Id.* ¶ 11; *id*., Ex. 6.) On March 14, 2022, Ritz emailed again stating that a wire payment would be made but no payment was ever made. (*Id.*) Defendants' refusal and inability to pay demonstrate that they are failing to maintain sufficient assets in the statutory trust and have dissipated and will continue to dissipate trust assets belonging to Jem D. (*Id.* ¶ 12.)

On April 5, 2022, the Court granted Plaintiff's amended motion for temporary restraining order and order to show cause why a preliminary injunction should not issue. (Dkt. No. 31.) No opposition was filed. At the hearing, Defendant Jorge Ritz indicated that he has been pre-approved for a loan and the funds should be available soon in order to pay the amounts due.

## Discussion

On a motion for preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in the moving party's favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief," *Winter*, 555 U.S. at 22, and the moving party bears the burden of meeting all four *Winter* prongs. *See DISH Network Corp. v. FCC*, 653 F.3d 771, 776-77 (9th Cir. 2011).

**A.     Likelihood of Success on the Merits[1]**

Plaintiff argues that it has demonstrated a likelihood of success on the merits under the provisions of PACA. (Dkt. No. 13-1 at 6-7.) Defendant Burns does not dispute that PACA applies and the amounts sought and indicates his intent to pay the amounts due.

---

[1] The Court relies on its analysis on the temporary restraining order since there have been no additional filings on the merits seeking injunctive relief.

3

(Dkt. No. 28.)  At the hearing, Defendants Ritz and Beltran did not challenge the amounts sought under PACA.

"Congress enacted PACA in 1930 to prevent unfair business practices and promote financial responsibility in the fresh fruit and produce industry." *S & H Packing & Sales Co., Inc. v. Tanimura Distrib., Inc.*, 883 F.3d 797, 802 (9th Cir. 2018) (citation omitted). "In 1984, PACA was amended to address the uncertain financial arrangements created by dealers receiving goods without payment.  A statutory trust was provided by Congress under PACA on behalf of suppliers and sellers that were unpaid." *Grimmway Enters., Inc. v. PIC Fresh Global,* 548 F. Supp. 2d 840, 846 (E.D. Cal. 2008).

PACA provides for the establishment of a statutory trust "in which a produce dealer holds produce-related assets as a fiduciary until full payment is made to the produce seller or producer." *Bowlin & Son, Inc. v. San Joaquin Food Serv.*, 958 F.2d 938, 939 (9th Cir. 1992).  "The trust automatically arises in favor of a produce seller upon delivery of produce and is for the benefit of all unpaid suppliers or sellers involved in the transaction until full payment of the sums owing has been received." *C & E Enters., Inc. v. Milton Poulos, Inc.*, 947 F.2d 1351, 1352 (9th Cir. 1991); 7 U.S.C. § 499e(c)(2); 7 U.S.C. § 46.46(c).  "Dealers violate PACA if they do not pay promptly and in full for any perishable commodity in interstate commerce." *Grimmway Enters., Inc.,*, 548 F. Supp. 2d at 846 (citing 7 U.S.C. § 499b(4)).

The PACA Trust is a nonsegregated "floating" trust comprised of (a) "perishable agricultural commodities received in all transactions," (b) "all inventories of food and other products derived from such perishable agricultural commodities," and (c) "all receivables or proceeds from the sale of such commodities and food or products derived therefrom." 7 C.F.R. § 46.46(b); 7 U.S.C. § 499e(c)(2).  PACA provides the district courts with jurisdiction "specifically to entertain (i) actions by trust beneficiaries to enforce payment from the trust, and (ii) actions by the Secretary to prevent and restrain dissipation of the trust." 7 U.S.C. § 499e(5).

Here, Plaintiff is subject to a PACA trust as a licensed produce "dealer" of agricultural commodities and has preserved its ability to enforce the benefits of PACA by providing the required statutory language on its invoices. (Dkt. No. 13-2, Mason Decl. ¶¶ 4, 8); 7 U.S.C. § 499e(c)(3). Defendants are also "dealers" subject to and licensed under PACA. (Dkt. No. 13-2, Mason Decl. ¶ 5); 7 U.S.C. §§ 499a(b)(6).[2] Between September 30, 2021 and October 28, 2021, Plaintiff sold and delivered to Defendants produce in the amount of $65,800.00. (Dkt. No. 13-2, Mason Decl. ¶ 6.) When Plaintiff delivered the produce to Defendants, it became a beneficiary in a statutory trust designed to assure payment. 7 U.S.C. § 499e(c)(2). Despite repeated demands, Defendants have not paid the amounts due. (Dkt. No. 13-2, Mason Decl. ¶ 6.) Therefore, Plaintiff has demonstrated a likelihood of success on the merits for Defendants' failure to comply with the trust provisions of PACA.

## B.    Likelihood of Irreparable Harm

Plaintiff maintains that it will be irreparably harmed because Defendants have already indicated that they do not have sufficient funds to pay Plaintiff because they are having issues collecting their receivables and this threat of dissipation of trust assets supports irreparable harm. (Dkt. No. 13-1 at 8.) Defendants do not challenge this factor.

Congress recognized there is irreparable harm if PACA trust assets are dissipated because it is nearly impossible for a beneficiary to obtain recovery once there has been

---

[2] "(6) The term 'dealer' means any person engaged in the business of buying or selling in wholesale or jobbing quantities, as defined by the Secretary, any perishable agricultural commodity in interstate or foreign commerce, except that (A) no producer shall be considered as a 'dealer' in respect to sales of any such commodity of his own raising; (B) no person buying any such commodity solely for sale at retail shall be considered as a 'dealer' until the invoice cost of his purchases of perishable agricultural commodities in any calendar year are in excess of $230,000; and (C) no person buying any commodity other than potatoes for canning and/or processing within the State where grown shall be considered a 'dealer' whether or not the canned or processed product is to be shipped in interstate or foreign commerce, unless such product is frozen or packed in ice, or consists of cherries in brine, within the meaning of paragraph (4) of this section. Any person not considered as a 'dealer' under clauses (A), (B), and (C) may elect to secure a license under the provisions of section 499c of this title, and in such case and while the license is in effect such person shall be considered as a 'dealer'." 7 U.S.C. §§ 499a(b)(6).

dissipation from the trust.  H.R. Rep. No. 98–543 (1983); *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc*., 222 F.3d 132, 139-140 (3d Cir. 2000) ("We also find that PACA trust dissipation in this case constitutes irreparable harm" because "once the PACA trust is dissipated, it is almost impossible for a beneficiary to obtain recovery."); *Rey Rey Produce SFO, Inc. v. Mis Amigos Meat Market, Inc*., No C 08–1518 VRW, 2008 WL 1885738, at *2 (N.D. Cal. Apr. 24, 2008) (finding evidence of prior bounced checks and unfulfilled promises to pay established irreparable injury element for a TRO under PACA).  "A showing of threatened trust dissipation amounts to a showing of a possibility of irreparable injury."  *Rey Rey Produce SFO, Inc.*, 2008 WL 1885738, at *2.

As such, district courts have routinely held that dissipation of PACA trust assets constitutes irreparable harm.  *See CP Produce, LLC v. Quality Fresh Farms, Inc*., No. 1:18–cv–00077–DAD–EPG, 2018 WL 1980749, at *3 (E.D. Cal. Jan. 19, 2018) ("District courts in the Ninth Circuit have regularly found TROs warranted in the PACA context, and routinely conclude that the prospect of statutory trust assets being depleted constitutes irreparable injury."); *Inn Foods Inc. v. Turner Mead LLC*, No. C 07–00649, 2007 WL 484781 (N.D. Cal. Feb. 9, 2007) ("[I]t appears Plaintiff will suffer immediate and irreparable injury due to said Defendant's dissipation of Plaintiff's interest in the statutory trust created pursuant to 7 U.S.C. § 499e(c) and that such dissipation will continue in the absence of injunctive relief.").

 Here, because Defendants lacked any funds to make even partial payments to Plaintiff suggests that the trust assets have been or are being dissipated.  Accordingly, Plaintiff has demonstrated irreparable harm to support injunctive relief.

**C.    Balance of Equities**

Plaintiff maintains that the balance of equities weighs in its favor because it is merely asking the status quo be maintained by requiring Defendants to satisfy their fiduciary duties as trustees of the PACA trust.  (Dkt. No. 13-1 at 8-9.)  Defendants do not oppose this factor.

Plaintiff is statutorily entitled to a trust in the proceeds of any sales from the products it shipped until the outstanding invoices are paid in full.  7 U.S.C. § 499e(c)(2).  Defendant Burns has not demonstrated any hardship he will suffer by being forced to not dissipate trust assets.  Accordingly, the balance of equities weighs in favor of Plaintiff.

**D.     Public Interest**

Plaintiff argues that injunctive relief is in the public interest because PACA was enacted to protect the public interest which Defendants do not challenge.  (Dkt. No. 13-1 at 9; Dkt. No. 28.)

Congress specifically enacted PACA recognizing that the "burden on commerce in perishable agricultural commodities" is "contrary to the public interest."  7 U.S.C. § 499e(c)(1); *Tanimura & Antle*, Inc., 222 F.3d at 135 ("In particular, Congress intended to protect small farmers and growers who were especially vulnerable to the practices of financially irresponsible commission merchants, dealers, and brokers.").  Therefore, granting a preliminary injunction would serve the public interest.

**E.     Bond**

Plaintiff asks that no bond be imposed because Defendants already have $65,800.00 worth of trust assets of Plaintiff as security for the imposition of injunctive relief.  (Dkt. No. 13-2 at 9.)

Federal Rule of Civil Procedure 65 provides that a court may only issue a preliminary injunction "if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).  Because Defendants have not disputed the $65,800.00 due and owed, and they have made no showing of any hardship, the Court concludes no bond or security is required of Plaintiff.

## Conclusion

Based on the reasoning above, the Court GRANTS Plaintiff's motion for a preliminary injunction.  Accordingly, IT IS HEREBY

**ORDERED,** that upon service of this Order, Defendants, their customers, agents, employees, officers, directors, subsidiaries, related entities, successors, assigns, banking institutions, and money transfer services, shall not alienate, dissipate, pay over or assign any assets of JJD Produce, or its subsidiaries, parent, or related companies, including but not limited to JB Resources, until further order of this Court or until Defendants deliver to Plaintiff's counsel for the benefit of Plaintiff the sum of $65,800.00 by bank check or wire transfer; and it is further

**ORDERED,** that within five business days of the date of this Order, Defendants shall supply to Plaintiff's counsel the following documents regarding the assets of JJD Produce and its related, parent and subsidiary companies, including but not limited to JB Resources: (1) most recent balance sheets and profit/loss statements; (2) all accounts receivable records showing all funds collected by or on behalf of Defendants in the last sixty days in addition to all records showing accounts receivable currently outstanding, including names, addresses, amounts and other documentation such as invoices and account statements necessary for collection purposes; (3) all documents related to funds owed to Defendants on behalf of credit/debit card processors and any other electronic funds transfers due Defendants; and (4) all financial records such as bank account statements, checking account registers and cash receipt records, showing transfer of funds to or from JJD Produce in the last six months; and it is further

**ORDERED,** that Defendants and/or any banking institutions and money transfer services used by Defendants shall, within five business days of service of this Order, deliver any and all PACA trust assets held on Defendants' behalf, up to $65,800.00, to counsel for Plaintiff, Kirby & McGuinn, A P.C., Attn: Dean T. Kirby, Jr., Esq., 707 Broadway, Suite 1750, San Diego, California 92101-5393, to be held by Plaintiff's counsel pending further order of the Court; and it is further

**ORDERED,** that any and all funds belonging to JJD Produce, its successors, subsidiaries, related, or parent companies, including JB Resources, in the possession of third parties, including all funds belonging to JJD Produce, successors, subsidiaries,

related, or parent companies, including JB Resources on deposit at banking institutions or held by money transfer services up to $65,800.00 shall, within five business days of service of this Order, be immediately delivered to counsel for Plaintiff, Kirby & McGuinn, A P.C., Attn: Dean T. Kirby, Jr., Esq., 707 Broadway, Suite 1750, San Diego, California 92101-5393, to be held by Plaintiff's counsel pending further order of the Court; and it is further

**ORDERED,** that, within five business days of service of this Order, the attorneys for Plaintiff are hereby authorized and directed to collect all outstanding accounts receivable of JJD Produce, its successors, subsidiaries, related, or parent companies, including JB Resources, with any such sums collected to be held by Plaintiff's counsel up to $65,800.00 pending further order of the Court; and it is further

**ORDERED** that Defendants shall take such steps as are necessary to preserve all of JJD Produce's books and records, whether electronic or otherwise, and are required to fully cooperate with Plaintiff's attorneys' efforts to effect collection of the accounts receivable of JJD Produce, its successors, subsidiaries, related, or parent companies, including JB Resources,

**ORDERED** that bond shall be waived in view of defendants now holding $65,800.00 worth of Plaintiff's assets; and it is further

**ORDERED**, that delivery of a copy of this Order to Defendants at their business address of 7514 Girard Ave., Suite 1215, La Jolla, California 92037 via Federal Express, or other nationally recognized delivery service, shall be deemed to constitute notice of this Order upon Defendants, their agents, servants, and employees pursuant to Fed. R. Civ. P. 65(d)(2).

IT IS SO ORDERED.

Dated: April 19, 2022

Hon. Gonzalo P. Curiel
United States District Judge